Next, in case number 232698, Derrick Evans v. The Huffington Post. Mr. Cowan. Good morning, your honors. My name is Charles Cowan. I represent the appellant Derrick Evans. I reserve five minutes for my rebuttal time. Mr. Evans appeals the dismissal of his defamation suit against Apple v. Huffington Post because the district court erred by misapplying Delaware's choice of law analysis for claims of multi-state defamation. Delaware law adopts section 150 of the Restatement Second of Conflicts and holds that there is a presumption that the law of a plaintiff's domicile will govern the substantive law that applies to the defamation case unless there are sufficiently significant considerations that warrant applying the law of another state. In all six of the prior occasions where Delaware courts have had the opportunity to apply this universally held that the presumption was not overcome. So let's assume, because I think we may be in agreement here, maybe we can streamline our arguments. The choice of law analysis comes down to New York and Mississippi. That's right. Under New York, the savings clause isn't going to, I think you agree, it doesn't help your client's claim. So it would turn on Mississippi law. So tell us how Mississippi law would apply here to make the claim still timely under the savings clause. Yes, Your Honor. So the court requests a supplement on briefing on this question. I'm happy to answer. So Mississippi has a one-year statute of limitations for claims of defamation. They also have a savings statute that says upon, if a matter is abated or otherwise dismissed, and I'm just generalizing the statutory language, for a matter of form, new action may be filed at any time within one year of that dismissal. So the question is, does a dismissal for black personal jurisdiction constitute a matter of form, which is an intriguing question that the Supreme Court of Mississippi has at its last occasion declined to hold, expressly says we're not adopting what it calls the dicta from Hawkins and saying that dismissal. So would we then need to read Mississippi law in a way that the Supreme Court of Mississippi, sitting in kind of an unusual and bug posture, has declined to do so? So, and you're talking about the Owens case having held that. Now, I think every dismissal under a savings statute in Mississippi law is viewed in the context of that particular case. The form of the dismissal does not speak for itself. You have to look into the intent and purpose behind the statute and whether that dismissal in that particular case falls within the intent and purpose of the statute here. Owens dealt with a dismissal as a matter of the plaintiff's failure to effect service of process. If you go back and look at Owens, the court said, Mississippi Supreme Court said, what the question on cert was. The question for the court was whether failure to serve a defendant within 120 days is required by Rule 4 of the Mississippi Rules of Civil Procedure as a matter of form, as contemplated by Mississippi Savings Statute. The answer was no, and the reason for that was the court's overarching rejection of the plaintiff's claim that, hey, this is a jurisdictional dismissal. Because Mississippi courts have held for over a century that dismissals for lack of jurisdiction are matters of form, the plaintiff in that case failed to serve process. And then later, when the claim was dismissed, because it was untimely, attempted to claim, well, this is a jurisdictional type of dismissal because service of process is necessary to obtain personal jurisdiction over a defendant. And so thereby, this is a jurisdictional dismissal. Judge Graves in Owens, when he was writing the opinion, he said, this type of dismissal doesn't match up at all with the intent and purpose behind the statute. Mr. Evans' claim was dismissed for lack of personal jurisdiction, for unable to get due process, comport with due process, and get personal jurisdiction over a defendant. I understand what you're saying, but the court, when it does, when it talks about this, does talk about the difference between subject matter jurisdiction and personal jurisdiction, and makes the point that all of those old cases that you're talking about are subject matter jurisdiction cases. When we're trying to figure out what the Mississippi Supreme Court would do in this, we should just say, all right, that's, we recognize that's what they said, but it's not quite what they meant. You should really just focus on the facts of that case. That's what we should do? Yes, Your Honor. And let's start with the framework of Mississippi's saving statute, and situations in which it applies. All those old Mississippi statutes say, this saving statute is meant to apply when you choose the wrong court. That's exactly what happened in this particular case. Mr. Evans sued in the Southern District of Mississippi, and it was dismissed for lack of personal jurisdiction. But other principles that apply, good faith and institution of the action, you didn't have that in Owens. In Owens, you didn't have the choice of a wrong forum. The plaintiff just didn't affect service or process. So choose, the Mississippi case law says that choosing the wrong forum in which to file a suit is a quintessential reason for applications of the saving statute. I understand that this court has to conduct some interpretation of Mississippi law. There are two other states that have virtually identical saving statutes. Before you go to those other states, let me go back to Mississippi. So, 2005 case, Owens' 2005 case, can you point us to any post-Owens cases from the Mississippi Supreme Court that say that dismissal due to lack of personal jurisdiction constitutes a dismissal as a matter of form? Is there anything that says that? There are no Mississippi cases distinguishing dismissals for lack of personal jurisdiction from dismissals of lack of subject matter jurisdiction. What about any Fifth Circuit cases interpreting any of those that do that? The only Fifth Circuit case we cited, Your Honor, that we could find is the old case called Pulliam. Yeah. Which simply says... But that's the trouble we're having, right, Counsel, is because this is a 2005 decision. Coming up on two decades, and we don't have any case that's dismissing it just for personal jurisdiction. It's applying this just for personal jurisdiction. And so, you know, principles of, not just principles of comity and respect for a state's law that is not in this circuit, but just applying the normal principles of interpretation as to how we predict or how we think that the Mississippi Court would think about this, it does seem to lead towards this idea that Owens meant what Owens predicted it was going to say, that this just doesn't apply. Owens does not deal with a dismissal for lack of personal jurisdiction because of the inability to comport with a due process clause. It dealt with a failure to affect service or process. It was as much an issue of compliance with Rule 4 as anything. The plaintiff in that case tried to come under the umbrella of a jurisdictional dismissal. And that case said, no, you can't. You didn't timely prosecute your suit. If we were to interpret the statute in this way, you could forego serving process forever, the case get dismissed, and you refile and say the claim was saved. But that's not what the purpose behind the statute was. The purpose is to protect parties, and it's a quote from the Mississippi 1915 Supreme Court decision, the Hawkins case. It's meant to protect parties who have mistaken the forum in which their causes should be tried, who have simply entered the temple of justice by the door on the left when they should have entered it by the door on the right. That's Mr. Evans' case, perfectly described. Your Honor, to the extent you're struggling with the question of interpretation, Mississippi Supreme Court in post-2005 decisions have said the statute's highly remedial, and it ought to be construed liberally. And when you take that into context with the facts of the dismissal here, Mississippi Supreme Court, looking at this issue anew like you do in your de novo review, would I think certainly hold Mr. Evans' dismissal to be a dismissal as a matter of form. Back to the two statutes questions, Massachusetts and Delaware both have matter of form language in their saving statutes. Both of those states' courts have held those dismissals for a matter of form. The Rodi case, which we cite in our brief, the First Circuit case, said that dismissals for lack of personal jurisdiction is a paradigmatic example of a dismissal as a matter of form. The reason the Mississippi Supreme Court, I think, reviewing this issue itself here anew, would say this is a dismissal as a matter of form because you chose the wrong form. One, the matter was defeated by a matter not affecting the merits, and it's a defect or remedy that can be avoided by a new process, and that's what we've done by refiling the suit in Delaware. So mistaken form choice, says the statute applies. It does not apply to plaintiffs who do not prosecute their suit. The Marshall case that we cited says good faith in the institution of an action is an element in determining the right to invoke the saving statute. That's exactly what Owens was looking at when it said a failure to comply with rule four in that case. That is not a good faith institution of your case. You didn't serve the defendant. We're going to reject any attempt to qualify or characterize your dismissal as a type of jurisdictional dismissal, say, by Mississippi's saving statute. Thank you. Thanks, counsel. We'll hear from you again on rebuttal. Mr. Saltarelli? Good morning, your honors, and may it please the court, Joseph Saltarelli of Hunton Andrews Kurth for Huffington Post. Your honor, the choice of law issue in this case, it's clear from Third Circuit precedent and other circuits as well, need not even be reached here because there is no actual conflict outcome here, whether you apply Mississippi or New York law. And that is because this action is barred under the statute of limitations, which is one year under Mississippi law. It's also barred under the statute of limitations in New York one year. Neither state's saving statute can save this action. New York makes that explicit. You focus on Mississippi. Why doesn't the savings clause apply in Mississippi? Your honor, in Owens, that case made it very clear. If you go to the Court of Appeals decision, which was reversed by the Mississippi Supreme Court, that court clearly held that the ultimate question that the trial court had grappled with in that case, in which it had denied the application of the savings statute, was one of personal jurisdiction. Failure to effect service of process is failure to get personal jurisdiction. The ultimate issue was one of personal jurisdiction. It then relied on the dictum in the Hawkins case from 1915 to say that court, the Supreme Court in Hawkins, had suggested that personal jurisdiction would apply, would be applicable in the savings statute context. But Hawkins itself was a subject matter jurisdiction case. When it went to the Supreme Court of Mississippi, that's exactly what the Supreme Court focused on. It said, yes, we understand the reliance by the Court of Appeals on this dictum in Hawkins, but that case and every other case which we have decided and referring to jurisdiction in the context of the savings of law by the Mississippi Supreme Court, and reversed, the Court of Appeals is holding that personal jurisdiction could save an action. I think the Owens decision is crystal clear on the question that this Court has asked in supplemental briefing, and that is determinative here. Can this action in Now, as a practical matter, because the distinction has been made here about personal jurisdiction for failure to effect service of process, as we've addressed or attempted to in our supplemental briefing, as a practical matter, I don't see how an action dismissed on constitutional reasons, lack of statute simply makes explicit what is, as a practical matter, is the case in any state. If Mr. Evans had attempted to resurrect or refile his case in Mississippi, state court or another federal court, he would be barred from doing so under collateral estoppel. He wouldn't be able to rely on the And Mississippi, at least at the appellate level, in the case of S&H Grocery, which is 733 Southern 2nd 851, has said that the saving statute doesn't apply to prior actions that are commenced out of state, which you could see that scenario. A suit filed in another state, dismissed for lack of personal jurisdiction on constitutional grounds, is then attempted to be resurrected in Mississippi. Well, at least the Mississippi appellate courts have said that doesn't apply because our statute, at least, does not apply to such prior actions. So you're left with this rather bizarre notion that the intent of the Mississippi legislature, with respect to our case, with respect to the saving statute, is that it would only be applied to save actions dismissed for lack of personal jurisdiction on constitutional grounds when Mississippi law is applied through a There's no basis in Owens or any Mississippi case law to suggest that. So I think the court's precedent is very clear that the choice of law issue should be avoided, that's the language in the case law, if there's no true conflict. And there is no true conflict here. Now, I'll mention reference has been made to the First Circuit's decision in Rodi, as well as the Delaware District Court's decision in Criswell, applying similar language, matter of form, in the saving statutes of Delaware and Massachusetts. Neither one of those situations, obviously, have any relevance to this quickly. Rodi did apply the Massachusetts saving statute to an action, out-of-state action, that had been refiled in Massachusetts under the saving statute and had been previously dismissed for lack of personal jurisdiction. However, when you read Rodi and you look at the cases that they relied upon, the First Circuit there said, we have no doubt about this, but they actually cited, and it's the Ciampa case, 650 Northeast 2nd, 816, as authority for that proposition, that personal jurisdiction dismissal action could be saved under the saving statute. But when you go, it was a CF cite, a compare cite, because when you go to Ciampa, it is a subject matter jurisdiction case. The Massachusetts Supreme Judicial Court has not ruled in any case that I'm aware of, nor has one been cited by Mr. Evans's counsel, that personal jurisdiction dismissals would be saved under the Massachusetts statute. Similarly, in Criswell, which is a district court Delaware decision, that decision as well, it actually rejected reliance on a Delaware Superior Court decision, which the name of the case, and it's cited in it, Quillen v. Knight, in the decision, actually had said, had ruled that the saving statute of Delaware doesn't apply to a personal jurisdiction dismissal, and instead relied on another, not Delaware Supreme Court decision, but another Delaware Superior Court decision called Hownet. That case, too, was a subject matter jurisdiction case, and not a personal jurisdiction case. This is jurisdiction, and one for subject matter jurisdiction, where it is a matter of form that can be corrected by filing in the correct court, but that is different in the context of personal jurisdiction. And one important thing, and I'll end on this point unless the court has any questions, the Rodi and Criswell courts both refer, again, irrelevant statutes, but to this notion that otherwise than on the merits was the reason for the dismissal. True enough, but in the Roberts decision, which I would have put into the supplemental briefing if we had more room, Your Honor, and that's 483 Southern 2nd and 348, that's a Supreme Court decision of Mississippi, and in that case, it clearly says that, yes, otherwise than on the merits is a consideration and application of Mississippi's saving statutes, but it's not the driving force behind it. What's the driving force is a matter of form, and that's directly the construction that has been Unless the court has any questions, Your Honor, appellate would urge affirmance of the district court's decision. Judge Roth, anything further? Thank you. Thank you, counsel. Thank you, Your Honor. Honors. Your Honors, I'd like to point to the court to what the actual holding in Owens was. The express language that's decision in 2005. We hold today the dismissal of a suit for failure to serve process is not a jurisdictional matter for purposes of the saving statute. That state acknowledges its past precedent that jurisdictional matters, dismissals or jurisdictional matters, fall within the coverage of the saving statute. Owens did not because it didn't meet any of the criteria that the Mississippi Supreme Court has said qualify for, required to prove, to establish coverage under the saving statute. Suit in the wrong forum, good faith institution of your lawsuit. Dismissed as a matter of form can be solved by new process. In Owens, there process. It was not dismissed for a matter of form that could be solved by new process. Owens talks about the fact that the statute of limitations had expired during the inception after 120 days had expired under Mississippi Civil Procedure 4. Plaintiff's claim became untimely during the first suit because he lost the situation you've got here. We have to ask, I think, why, let's say the Delaware court had analyzed the application of Mississippi saving statute in the first instance here. Why would they have interpreted Mississippi's almost identical, identically worded saving statute different than a Delaware court would have interpreted Mississippi's? The Mississippi Supreme Court claims that it holds. You look at the Mississippi cases and they conduct a clear analysis in each and every occasion. What dismissal are we looking at? What type of dismissal? It's true that jurisdictional dismissals generally have always fallen within the jurisdiction of the Supreme Court. It's just sad. It doesn't meet any criteria for application of the saving statute. I have to point the court back to the question that's before the Supreme Court on cert and what its express holding was. The reference to personal jurisdiction really is just dicta in the Owens case and it's dicta that's dismissal, that's dismissive of the plaintiff's attempt to claim the protection of the jurisdictional dismissal matter of form umbrella that had been established by prior Mississippi precedent. Unless the court has any questions. Judge Roth? I have no further questions. Thank you, counsel.